UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TANAKA BIRDO, | Case No. 20-cv-1925 (MJD/ECW) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| DAVE HUTCHISON and JOCELYN RN, | |
| Defendants. | |

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff Tanaka Birdo's application to proceed in forma pauperis (Dkt. 2) is **GRANTED**.

2. Birdo must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If he does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing this matter without prejudice for failure to prosecute. Marshal Service Forms will be provided to Birdo by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants Dave Hutchison and Jocelyn RN (in their individual capacities), consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4.	If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursing the costs of service is mandatory and the Court will impose it in all cases in which a defendant does not sign and return a waiver-of-service form.  *See* Fed. R. Civ. P. 4(d)(2).

5.	The U.S. Marshals Service is directed to effect service of process on Defendants Dave Hutchison and Jocelyn RN (in their official capacities with Hennepin County), consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6.	Birdo must pay the unpaid balance ($325.00) of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Birdo is confined.

**FURTHERMORE, IT IS HEREBY RECOMMENDED THAT:**

1.	Birdo's motion requesting a temporary restraining order (Dkt. 5 ("TRO Motion")) be **DENIED**.

The Court recommends denying the TRO Motion for at least two reasons.  The first is procedural.  Under Federal Rule of Civil Procedure 65(b)(1)(B), a court may issue a TRO without notice to the adverse party only if the movant, among other things, "certifies in writing any efforts made to give notice and the reasons why it should not be required."  There is no indication that Defendants have notice of Birdo's TRO request,

and Birdo has not certified his efforts to give notice or reasons why notice ought not be required.  The TRO Motion thus fails to satisfy Rule 65(b)(1)(B).

Furthermore, even if the TRO Motion followed Rule 65(b)(1)(B), the Court would still recommend its denial on substantive grounds.  In the Eighth Circuit, courts assess TRO requests by weighing the so-called *Dataphase* factors: "(1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm injunctive relief would cause to the other litigants; and (4) the public interest."  *3M Co. v. Starsiak*, No. 20-CV-1314 (SRN/TNL), 2020 WL 3566718, at *6 (D. Minn. June 26, 2020) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)); *see also Goyette v. City of Minneapolis*, No. 20-CV-1302 (WMW/DTS), 2020 WL 3056705, at *3 (D. Minn. June 9, 2020) (same).  The movant bears the burden of showing that these factors favor a TRO.  *See Starsiak*, 2020 WL 3566718, at *6 (citing *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)); *Goyette*, 2020 WL 3056705, at *3 (same).  The TRO Motion contains no substantial discussion of the *Dataphase* factors, and so Birdo has failed to show that they weigh in favor of a TRO here.  As a result, even if the TRO Motion complied with the applicable procedural rules—which it does not—the Court would still recommend denying it.

Dated: November 18, 2020                    *s/Elizabeth Cowan Wright*
                                                     ELIZABETH COWAN WRIGHT
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).